IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00400 HG 05 |
| ) | |
| Plaintiff, ) | MEMORANDUM OF LAW IN |
| ) | SUPPORT OF MOTION; |
| vs. ) | DEFENDANT'S EXHIBITS "A"-"B" |
| ) | |
| ROBERT EISLER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.  Introduction

The defendant, ROBERT EISLER, along with five others, has been charged in Count 1 of the indictment with participating in a methamphetamine trafficking conspiracy between October 1, 2002 to September 30, 2004. Count 2 alleges that Eisler possessed with the intent to distribute 5 grams or more of methamphetamine on February 4, 2003. Trial in this matter is scheduled to start on February 14, 2006. Additionally, Eisler was indicted for and plead guilty to possession with intent to distribute methamphetamine on August 2, 2004 in CR. No. 03-00303 HG and is pending sentencing before this Court on March 23, 2006. (See

Defendant's Exhibits "A" Second Superceding Indictment in CR. No. 04-00303 HG and "B" Acceptance of Plea of Guilty and Adjudication of Guilt in CR. No. 04-00303 HG )

The defense submits herein that the two separate prosecutions against Eisler expose him to multiple punishments for the same offense and thus violates the Double Jeopardy Clause of the Eight amendment and respectfully requests that the Court order dismissal of the indictment against him in the instant case.

## II. Discussion

The Double Jeopardy Clause of the Eighth amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb".

Here, Eisler faces the risk of conviction and punishment in the present case for allegedly conspiring to possessing with intent to distribute methamphetamine from October, 2002 to September, 2004, where, in an earlier, separate prosecution in CR. No. 03-00303 HG, the Court has accepted his guilty plea to possession with intent to distribute methamphetamine on August 2, 2004. Jeopardy attaches after a plea of guilty is accepted by the court. See Ellis v. United States District Court, 356 F.3d 1198, 1205 (9th Cir. 2004)(en banc). The August 2, 2004, drug offense is a lesser-included offense of the October, 2002-September,

2004 drug conspiracy offense because the former does not require proof of elements beyond those required of the latter. See United States v. Blockburger, 284 U.S. 299, 304 (1932)(Double Jeopardy Clause bars successive prosecutions for greater and lesser-included offenses). Also See Brown v. Ohio, 432 U.S. 161, 169-70 (1977)(conviction for auto theft reversed because barred by defendant's guilty plea and sentence for lesser-included offense of joyriding); Rutledge v. United States, 517 U.S. 292, 292 (1996)( 1 of 2 concurrent sentences vacated because conviction for conspiracy to distribute narcotics was lesser-included offense of Continuing Criminal Enterprise); and, United States v. Short, 181 F.3d 620, 625 (5th Cir. 1999)(double jeopardy barred separate convictions for conspiracy to distribute cocaine and heroin and managing a Continuing Criminal Enterprise). Therefore, based upon all the above facts and authorities and in the interests of justice, the Court should dismiss the indictment against defendant EISLER.

DATED: Honolulu, Hawaii, January 5, 2006.

_____
RUSTAM A. BARBEE
Attorney for Defendant
ROBERT EISLER