EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00400-05 HG |
| | ) |
| Plaintiff, | ) UNITED STATES' OPPOSITION TO |
| | ) DEFENDANT'S MOTION TO DISMISS |
| vs. | ) INDICTMENT |
| | ) |
| ROBERT EISLER, (05), | ) |
| | ) Date: January 31, 2006 |
| Defendant. | ) Time: 9:00 a.m. |
| _____ | ) JUDGE: Hon. Helen Gillmor |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

Pretrial motions were due January 5, 2006.  Defendant's motion to dismiss is untimely.

Double jeopardy bars subsequent prosecutions for a single act.  Blockburger v. United States, 284 U.S. 299, 304 (1932).  If the same transaction violates two distinct statutory provisions, the test to determine whether there are multiple offenses, is whether each provision requires proof of an additional fact which the other does not.  Blockburger, 284 U.S.

at 304.  It is well established that conspiracies and substantive offenses are separate and district offenses requiring proof of different elements.  Callanan v. United States, 364 U.S. 587, 593 (1961).  Substantive crime and conspiracy to commit that crime are not same offense for double jeopardy purposes and, thus, government may prosecute successively conspiracy and substantive offense it encompasses.  United States v. Saccoccia, 18 F.3d 795 (9th Cir. 1994).  See, United States v. Watkins, 339 F.3d 167, 177 (3d Cir. 2003) (successive prosecutions for conspiracy to import cocaine and importation of cocaine not double jeopardy violation because conspiracies and substantive offenses require proof of different elements); Murr v. United States, 200 F.3d 895, 901 (6th Cir. 2000) (no double jeopardy bar to prosecution for conspiracy to distribute cocaine following prosecution for sale of cocaine in part because offenses involve different elements, and jury could have found defendant guilty of and not others).

The Supreme Court has held that "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation."  United States v. Felix, 503 U.S. 378 (1992).  Despite an overlap in proof, a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes because the essence of a conspiracy is the agreement, not the crime itself.  See, Felix, 503 U.S. at

386; United States v. Calderone, 982 F.2d 42, 48 (2d Cir. 1992) (conspiracy to distribute heroin and possession of heroin with intent to distribute distinct offenses); United States v. Watkins, 339 F.3d 167, 177-78 (3d Cir. 2003) (dismissal of conspiracy to import cocaine charge not bar to prosecution for importation of cocaine); United States v. Brown, 29 F.3d 953, 957 (5th Cir. 1994) (conspiracy to possess and distribute cocaine and substantive crime of aiding and abetting possession with intent to distribute cocaine distinct offenses); United States v. Medina, 992 F.2d 573, 588-89 (6th Cir. 1993) (conspiracy to distribute cocaine and distribution of cocaine distinct offenses).

The defendant is not exposed to "multiple punishments for the same offense." Defendant's Memorandum of Law, page 2. The defendant has been charged with two separate crimes in two separate indictments. The defendant did not move to consolidate the charges.

## Conclusion

The defendant's motion should be denied.

DATED: January 26, 2006, Honolulu, Hawaii.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>By /s/Thomas Muehleck
>  THOMAS MUEHLECK
>  Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

Mr. Rustam Barbee                                January 26, 2006
Attorney at Law
1188 Bishop St., Suite 2606
Honolulu, HI 96813

/s/Rowena N. Kang